IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| OREON J. HUFFMAN ) | CASE NO. 1:10CV0557 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE DAN AARON POLSTER |
| v. ) | |
| ) | |
| STATE OF OHIO ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| Defendant. ) | |

Plaintiff *pro se* Oreon J. Huffman brings this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against Defendant State of Ohio. Plaintiff pled guilty in two cases in the Cuyahoga County, Ohio Common Pleas Court to drug trafficking, drug possession, endangering children and possessing criminal tools on November 7, 2008. He filed an appeal to the Ohio Court of Appeals, Eighth Appellate District in both cases. Case Nos. 92477, 93000. According to the common pleas court docket, Plaintiff was granted a transcript at state expense during his plea. Subsequently, an attorney was appointed to represent him on appeal. Plaintiff was dissatisfied with his attorney's performance and he was allowed to proceed *pro se.* In his Complaint before this Court, he alleges ineffective assistance of counsel by his trial and a appellate attorneys. Plaintiff wants the Court to grant him a transcript of the state court proceedings, give him subpoena power to obtain certain documents in Case No. 93000, allow him to obtain a police officer's arrest record for marijuana cases, and an appeal bond or release on habeas corpus. In addition, he requests damages in the amount of $5,000.000.00 for violation of his due process and equal protection rights.

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). For the

following reasons, the Court finds that the claim against six of the Defendants in this action satisfies these criteria.

The sole defendant is the State of Ohio. The Eleventh Amendment to the United States Constitution prohibits a citizen of a state from suing that state, or one of its agencies, in federal court unless the state consents to such suit or there is an express statutory waiver of immunity. *Hans v. Louisiana,* 134 U.S. 1(1890); *Jacobs v. Ohio Dept. of Rehabilitation and Correction*, 2009 WL 3126285 * 3 (S.D. Ohio, Sep.23, 2009) (citing *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 98-99(1984). The State of Ohio has not consented to suit in federal court. *Jacobs*, 2009 WL 3126285 at * 3 Rev.Code Ann. § 2743.02(A)(1) (West 2009). Therefore, the State of Ohio is immune from suit for money damages.

The United States Supreme Court has held that a state with an appellate system which made available trial transcripts to those who could afford them was constitutionally required to provide "means of affording adequate and effective appellate review to indigent defendants." *Griffin v. Illinois,* 351 U.S. 12, 20 (1956). Plaintiff asserts that he needs the transcript to aid him in his appeal which apparently will raise ineffective assistance of trial counsel. Equal protection generally demands that indigent petitioners receive a free transcript. *Lane v. Brown,* 372 U.S. 477, 483-84 (1963). However, Plaintiff has already received a transcript at state expense. He does not have a right to more than one free transcript. *Smith v. Wilson*, 2008 WL 4279884 * 1-3 (N.D. Ohio, Sep. 15, 2008) (because plaintiff already had received the transcript required by due process, his motion for transcripts was denied to the extent that it asks for additional transcripts). Someone is in possession of this free transcript, most likely the attorney appointed to represent Plaintiff on appeal. Plaintiff should request his former attorney to give him this transcript.

A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate

opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 4.

All three factors supporting abstention are present in this case. The issues presented in the Complaint are clearly the subject of a state court criminal matter, which are of paramount state interest. *See Younger*, 401 U.S. at 44-45. Furthermore, Plaintiff has the opportunity to raise any defects in his criminal case in the state court.

Accordingly, this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED**.**

Date: *5/11/10*  */s/Dan Aaron Polster*
JUDGE DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE